William Auer's interest in this proceeding comes from the fact that on the 22d day of April, 1907, less than three years from the date of the issuing of letters testamentary, he took a conveyance of the premises 8 Judge street from Nicholas H. Kinn, devisee of Anna Kinn, deceased, and it is alleged, and not disputed, that he gave a valuable consideration therefor, and has since remained in possession of the same. Taking the premises under these circumstances, and without making any inquiry, so far as appears, to determine whether the personal property was sufficient to pay the debts, the appellant is not an innocent purchaser; he must take notice that the law gives a quasi lien upon the real estate of a deceased person in behalf of creditors during a period of three years, and during that time it cannot be aliened by his heirs or devisees in such a manner as to defeat the claims of creditors thereon. Olyphant v. Phyfe, 48 App. Div. 1, 5, 62 N. Y. Supp. 688, and authority there cited. While it is no doubt true that the appellant would have a right, under a proper answer, to question the claims of creditors allowed by the executor, his contention that the proceedings before the referee upon the disputed claims were in any wise irregular is without any foundation in law, while the concessions of counsel upon the hearing, upon the petition, conclusively show that there were valid claims largely in excess of the personal property, and this of itself is sufficient to warrant the decree of sale, provided the proceedings have been in conformity with the provisions of the statute, as does not seem to be open to question in this case. Section 2756, Code Civ. Proc. If there is a surplus from the sale of the real property, or if any funds come into the hands of the executor which might properly have been used in the payment of debts and funeral expenses, the appellant may assert his rights in a proper action (section 2801, Code Civ. Proc.); but we fail to discover upon this appeal any reason for setting aside the decree of the surrogate.

The decree appealed from should be affirmed, with costs. All concur.

---

ATLANTIC BLDG. SUPPLY CO. v. VULCANITE PORTLAND CEMENT CO.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

APPEAL AND ERROR (§ 1174*)—REVERSAL—REDUCTION OF JUDGMENT.

Improperly included interest in a judgment for plaintiff *held* ground for reversing the judgment and granting a new trial, unless plaintiff stipulates to deduct the interest from the amount of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4525; Dec. Dig. § 1174.*]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Atlantic Building Supply Company against the Vulcanite Portland Cement Company. Judgment for plaintiff, and defendant appeals. Judgment reversed, and a new trial ordered, unless plaintiff stipulates to reduce the judgment.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William F. Upson, for appellant.
Edward D. O'Brien, for respondent.

PER CURIAM. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulate to reduce the judgment as entered by deducting therefrom the amount of interest, so as to make the verdict the sum of $1,943.68, in which event the judgment, as so modified, and the order appealed from, should be affirmed, without costs.

LAUGHLIN, J., dissents, and votes to reverse the judgment and order a new trial.

---

(137 App. Div. 313.)

YOUNG v. DRESSER.

(Supreme Court, Appellate Division, First Department.   March 24, 1910.)

PLEADING (§ 180*)—REPLY—NEW CAUSE OF ACTION.
    Under Code Civ. Proc. § 514, the reply cannot set up a cause of action different from that alleged in the complaint, and, where the complaint alleged that defendant lawfully obtained possession of certain securities belonging to plaintiff, and subsequently converted them by failure to deliver them on demand, a reply alleging fraud in obtaining possession of them was bad as being inconsistent with the cause of action alleged in the complaint and stating a new cause of action.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 358, 361; Dec. Dig. § 180.*]

Appeal from Special Term, New York County.
Action by John W. Young against D. Le Roy Dresser. From an interlocutory judgment overruling a demurrer to part of the reply, defendant appeals. Reversed and demurrer sustained, with leave to serve amended reply on terms.
Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Frank Sullivan Smith (Claude W. Gould, of counsel), for appellant.
Edward K. Sumerwell, for respondent.

CLARKE, J.   The complaint is for the conversion of certain bonds and stock.   The answer for a third separate and distinct defense sets up a discharge in bankruptcy.   The reply to the said third separate and distinct defense alleges that the defendant obtained possession of the securities by fraud and false and fraudulent pretenses and representations.   To this portion of the reply the defendant demurs on the ground that it is insufficient in law on the face thereof, and, the demurrer having been overruled, appeals.
    It is conceded upon the briefs of both parties that the discharge in bankruptcy is a complete defense to the cause of action set up in the complaint, to wit, conversion.   They also admit that the facts set up

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes